Mr. Miller, whenever you are ready. Good morning. May it please the court. Devin Miller on behalf of the petitioner. Your honors, I am comfortable submitting on the briefs on this case. My only intention for this time is to answer any questions the court may have, if any. Is it your contention that police officers or officers can perform, do anything they want on duty as long as there are no missed calls and they respond to whatever is necessary, so everything else is okay, as long as that happens? No, your honor, no. I fully understand and I'm sure my client would acknowledge that he made poor choices and I also respect the agency's desire to, for lack of a better term, write the ship and have their officers conduct themselves in a professional manner. If anything, I think we, this is a unique case in the manner that these allegations were learned of. Nonetheless, I also understand my client admitted to what he did. If that is what it is, that is the basis for these charges. More so, I believe our brief was to the point of the penalty and as to the issue of weather removals within the tolerable limits of reasonableness. On that point, I certainly understand that there are issues with my client's conduct. Nonetheless, this is not a more traditional case, so to speak, of he did not respond to a call because he was engaged in one of these activities or his firearm or ammunition were, say, stolen and are now on the street used in a crime, something of that nature, that these were not discovered because he otherwise did not perform his duties as he was asked. So you're saying the alternative should have been, what, a demotion, a suspension for a protracted period of time, and do you have any comparable cases which suggest that that's an appropriate penalty in this circumstance? I do not have any cases to point to on that front, Your Honor. Like I said, this is somewhat of a unique case. I believe our position would be a demotion and or a suspension of a considerable length, something less than removal. I don't remember. Did the deciding official look for what you might call comparables or not? I believe there were none found within, at least within the agency's purview. I do not believe so. Okay. Why don't we hear from the government? Thank you. Good morning, Your Honor. May it please the Court, Albert Iras on behalf of the government. Like the petitioner, the government is content to rest on its brief unless the panel has any questions for us. I just have one. You write, and I think I agree, but you write a page 4 January brief. It can be self-evident that certain employee conduct inherently degrades work performance. Inherently degrades work performance. But it seems like, at least in the briefing, the appellant was arguing that maybe there's not sufficient evidence of nexus here. We don't know what potential duties he failed to perform when he was doing things that he should have been doing when he was on duty. It's sort of like, how do you prove a negative? So the government's response seems to be, well, it's self-evident that his performance was inherently degraded. Do we have any cases? Is there anything you could cite to support that other than just its own self-evidence? Certainly, Your Honor. Well, the administrative judge at appendix page 18 cited the MSBB case, Ray v. Department of the Army, for the proposition that there's a sufficient showing of nexus between an employee's conduct and the efficiency of the service when the misconduct or action involves on-duty misconduct. So in this case, his misconduct hit the behavior he engaged in while on duty was itself, like I just said, occurred while he was on duty. And so that, at least according to the MSBB, when misconduct occurs on duty, there is sufficient nexus there. But this court has also, in part of the U.S. Postal Service, 819 F. 2nd 1113, said there's a direct connection to the efficiency of the service when the petitioner admitted doing something, in this case it was dealing drugs, while he was at work. And so he was presumably still doing his job, but he was also engaging in this misconduct while he was on work. And this court said that that was a sufficient nexus. So at least with regard to the first three charges regarding behavior while he was on duty, the fact that it occurred on duty was itself sufficient to prove a nexus. Thank you. So this case has nothing to do, because in the old days, this is dated for me, but I know there was some litigation and a number of decisions, namely involving IRS employees, where the IRS, in its regulations and in its manuals, gets to police off-duty misconduct. The theory being that the country has to have confidence in people in the IRS, and so if they do stuff, even off-duty, that reflects, and people know they're IRS agents, that reflects badly on them, that that can be the cause for efficiency of the service complaints. That's not this case, right? This case doesn't rest on off-duty misconduct. Correct. There's no off-duty misconduct alleged. But even some of the on-duty misconduct that was charged, and there were specifications supporting each of the first three charges, the administrative judge went through each one of the specifications in a very nuanced manner and said, look, for some of these specifications, I'm going to find that there wasn't a sufficient nexus or there wasn't a basis for adverse agent's action, even though what the petitioner did was distasteful, so to speak. The court said, well, you know, they shouldn't have done this poor judgment, but there's not sufficient justification for the agency to take adverse action. So in this case, the answer to your question is yes, Your Honor. All of the misconduct occurred on-duty, with the exception of the gun charges, the charges related to him failing to secure his service revolver. So those are obviously off-duty, but that's separate. But I assume all the requirements of requiring to take care of your firearm involve off-duty taking care of the firearm as well, right? That's correct. That's exactly right. Okay, thank you. Thank you, Your Honor. Your Honor, I know I have additional time. Again, I would submit unless there are any further questions.  Thank you both. The case is submitted.